Case number 20-2879 from the District of Minnesota, Benjamin Ojogwu v. Rodenburg Law Firm Thank you. Counsel, when arguing, you don't need to wear the mask. There will be a little pause between each argument because we'll be doing some sanitizing of the lectern for everybody's continued safety. Mr. Rodenburg, we're ready when you are. Good morning, Your Honors. May it please the Court. I'm going to address two points supporting reversal. The first is that Section 1692N of the Fair Debt Collection Practices Act permits direct service of the garnishment summons on a bank under Minnesota state law because it provides greater protection than service on a judgment-based basis. My second point is that Mr. Ojogwu has not demonstrated that he has standing in this case in that he has not nor has he demonstrated a concrete injury. Back to my first point about the bank garnishment. The Rodenburg Law Firm garnished Mr. Ojogwu's attempted, I should say, to garnish Mr. Ojogwu's bank account while Mr. Ojogwu was represented by counsel. Counsel was my friend, Mr. Bauer. Minnesota law provides that you have to serve a copy of the garnishment summons on the debtor. It does not permit, it does not address service on the debtor's counsel. Was it also served on the bank? Yes, at the same time. Although we could have waited five days to serve Mr. Ojogwu. Why isn't that sufficient to protect the interest that the garnishment statute is intended to protect? The debtor has a number of exemptions he can claim because of the garnishment of the bank account. There's Social Security, there's a number of other exemptions he can claim of funds in his bank account. Unless he gets that notice right away and makes a claim for those exemptions, he's been deprived of the use of those funds. Typically, how it plays out, when the debtors' bank accounts are garnished, their main concern, I should say, is probably checks bouncing. They typically will call our firm, call the law firm, and make arrangements for payment upon release of the bank account. But you also would, under my hypothetical, you would copy the lawyer when you serve the bank. That should be adequate protection against a sort of quick exemption evasion. In this case, that was not done in a... No, it wasn't done, but we're talking about why is the district court's decision so disastrous? Because the Minnesota law provides that the debtor be served directly, not the debtor's counsel. But federal law appears to be explicit otherwise. I'm not saying it is, because I'm not sure the word expressed has the narrow meaning the district court attributed to it, but that's a different question. If there is a conflict, and if the conflict is sufficient to create the 92-N inconsistency, why aren't the creditors of the world with a default judgment on garnishment rights adequately protected by serving a known holder, a potential holder, and the lawyer who then would have a duty to communicate with the debtor to make sure the garnishment law was obeyed? The Fair Debt Collection Practices Act provides that if the debtor has counsel, we are not to serve the debtor. So it's still a violation of the law, even if we had served debtor's counsel. A violation of which law? FDCPA, because we are not supposed to serve debtor's counsel. In fact, the district court judge said so. Wait, stop. Where does it say you can't serve debtor's counsel? You're supposed to. The section we're dealing with tells creditors, deal with the lawyer. We can serve debtor's counsel, or we could have, if a party is represented, you serve the, only the debtor's counsel is supposed to be contacted thereafter, not the debtor. Yeah, that's what I'm, so why isn't, if, of course, counsel may say that wouldn't comply with the FDCPA, and then he's walking into my preemption concerns, but if it would, I don't understand why serving a known holder of the debtor's assets with a garnishment summons, with a copy to the lawyer, maybe even the debtor's copy that's attached to a copy of the, you know, why doesn't that serve the purposes of the garnishment statute? What Minnesota, Supreme Court of Minnesota case would say that that, that forms the garnishment regime? I agree 100%. That would not conflict with the Minnesota garnishment statute, but that's, that's not, it would, it would be noncompliance with, with the, with the FDCPA. Well, you've got no case to that effect. Well, we serve the debtor instead of the. Yes, but I'm talking about my hypothetical. Do you have a case that my hypothetical would violate the FDCPA? Yes, because it's because. What case would that be, please? Oh, you mean actual case? No. Federal circuit authority that says that would still violate the FD, the FDCPA. No, the only thing I can point to, Your Honor, is that the FDCPA provides that once the debtor has retained counsel, you are not to contact him further. Wait, him being the debtor. Yes. Not the debtor's attorney. That's correct. So why does copying the debtor's attorney with a garnishment summons served on the, the suspected asset holder, why does that, that can't violate, that doesn't violate the statute, at least not the statute we're talking about. We. The sub part. I would agree. If we just, if we just serve the attorney, that would not violate the FDCPA, but it would violate the Minnesota garnishment statute. But this is conflict preemption we're talking about. Yes. We have to find a real conflict, not just a textual conflict. In my, in my preemption world, and so far everybody's just talking about textual conflicts, and I'm exploring whether there's a real conflict between the purposes of the FDCPA and the purposes of the Minnesota garnishment regime. And what you're telling me is no, no, okay, we, if we had done it differently, it wouldn't have violated either law. If we would have, our contention is that it, it, we, we, we did not violate either law by doing it the way we did it. Let me say it differently. Is there a Minnesota case, to your knowledge, that holds that the requirement that the debtor be served would be violated with my hypothetical? That is, copying the debtor's lawyer with what's been served on the asset holder and attaching to that letter, here's, here's the copy we're serving on your client. I'm not aware of that, Your Honor. I would think, there's no Minnesota case saying that's, okay. What about the, oh, go ahead. No, no, I, I mean, you're, you're, you wanted to start with, with preemption, and you're not, you're not persuading me, because there's no real preemption here. There's just, because there's an alternative that you understandably did not pursue. Well, I, I agree, as a matter of professional courtesy, we should have sent him a copy, but I don't think it's, it's required by law, and I agree with you 100% on that. Well, that's, but that's not a preemption argument. That's an, that's a statutory construction argument. Right. Well, counsel, what about Minnesota rule of criminal procedure number 69, and it says you've got to fall off 550. I think it means to have an execution. Is that the way you read Minnesota rule 69? Yeah, rule, yes it is, Your Honor. The, the 550 also incorporates the garnishment statutes, and so that's what we did. It's, and that leads me into, you know, the, that the service of the garnishment directly was proper, because section 1692 C.A. permits it because the judgment, and therefore rule 69 is the court order authorizing the use of the, of the Minnesota garnishment law. It's a funny wording for, to call it a court order. Do you think most people would naturally call a civil rule a court order? You know, I, I, I, I, I see your point, Your Honor. If we look back, though, at the Hines v. Jenkins case, where they said that, you know, there should be an attempt to preserve judicial remedies. I think this is what they were speaking to. When the FDCPA was passed in 70s. Can I get your quick answer to that, Reed Holcomb? I agree with Holcomb. That point was discussed at length by the 7th, by Judge Sykes in the 7th Circuit. Oh, and Holcomb, yes. We cited Holcomb. Yes. That was, that's the question. Yes. That, that, that answered, that was one answer to Judge, to Judge Benson. Yes. It may not be the right answer, but it was, it was pretty well, pretty thoroughly explored. Yes. That's, that's correct. Of course, there the, there the court rule was more explicit, right? Pardon me? There the court rule was more explicit, right? Because the court rule itself required the service of the motions, right? That's correct. Thank you. And I'd also cite the Hemingson, where the Hemingson cited the Hines v. Jenkins and German, noting the preservation of judicial remedies. I think my time is maybe getting close to running out. Just, just... You have three minutes. It's your choice how to use it. I wanted to preserve three minutes. So that's, that, quickly, on standing, it wasn't, it wasn't briefed. We filed a motion to have that issue briefed. I think it's even more important now with the Ramirez case. We do not believe that the record has anything in it that supports concrete injury on behalf of... I'm sorry. What is the Ramirez case? The Ramirez case was, came down in June, and it followed Spokio. I thought that was Damirez. Ramirez, R-A-M-I-R-E-Z. Well, your motion was, I thought... Yeah, our motion was made just prior to Ramirez. Okay, did you give us a 28-J with Ramirez? Pardon me? Did you give us a Rule 28-J submission with the site for Ramirez? Could I do that? Did you do it? No. Well, how am I supposed to know when you just throw out Ramirez? How am I supposed to know what you're talking about? Please give us a 28-J. Okay. You know, I don't go in and put up, you know, and Google your issues every day on Westlaw. Okay, thank you. I have a thousand others. Thank you. Mr. Bauer? Thank you. Excuse me. May it please the Court, my name is Blake Bauer, and I represent the appellee, Benjamin Ojogwu, in this matter. Today, the Court is presented with three distinct issues, first of which, whether the impellant had expressed permission from a court... Why don't we go with your oral argument is already there. Well, let's address preemption. And my first question, which I was going to ask anyway, is in your view, if they had served the debtor with the garnishment summons, with a copy of the summons to the attorney, would that violate the FDCPA? In short answer, Your Honor, no. Okay. I believe the Court is making reference to it... In your ballpark, then. In the Illinois case that was referenced and cited in plaintiff's objection to the motion to dismiss before Judge Schultz, it's Washington v. Portfolio Recovery Associations, LLC, 211 Federal Sup 3D, a 2016 case out of Illinois that dealt with a similar issue. The page number? The page number, Your Honor... It may be excited, I don't know. It was not cited within the appellee's brief and memorandum to this Court. It was within the brief and memorandum. Give me the page number. I have a citation 211F.S.U.P.P.3D, and I do not have a specific page within that. We need a 28J letter, unless you've already done that. Based on that Court, the rationale was the same. They sent the letter. Could they have sent the letter to the representing consumer's attorney? Yes, they could have. Would that have violated the FDCPA? No. What if they did both? That was my hypothesis. If they did both, Your Honor... They have compliance clearly with Minnesota law, and I'm asking, would that The letter to the representing consumer, I think, would be in direct conflict with 1692CA2. Your interpretation... Correct, Your Honor. Okay. Now you've lost me on preemption. Understood, Your Honor. I think the interpretation... You don't have any case supporting the notion that that would violate, right? I don't think there is a case out there that I have found. And, indeed, Holcomb, that was the faction, Holcomb. In Holcomb, I believe it was... They copied him. They copied the lawyer. A little bit different in the sense... A little bit different, but in this regard. In this regard, this was a CA2 violation as opposed to Holcomb, which I think was a CA2, but it was referencing a rule as opposed to a Minnesota statute. I know, but they... So the rationale in Holcomb is similar to the rationale the appellant is attempting to make, but different in the sense that they cite to the Ressler v. Messaline-Kramer case to say that this was express permission from a court as well as Minnesota Rule 69. As for the ruling in the Ressler case, it's been criticized by other courts for not providing sufficient weight to both express and court. For instance, in McDermott, which is a First Circuit court case out of Massachusetts, which found that the Ressler analysis was lacking because it failed to interpret or interpreted express permission of a court to mean express permission in a law and failed to afford court its ordinary and proper meaning. I want to change my hypothetical slightly. Correct. The service under Minnesota law, at least as communicated by the creditor, the debtor's attorney is served with a copy to the debtor. Does that still violate, in your view, the federal law? The Minnesota law at issue doesn't say, serve both the... It's not a Minnesota law question, counsel. Of course. It's a federal law question because I'm concerned about the preemption analysis by the district court does not do the job for me, and I'm exploring whether the nature of the supposed conflict is anything other than textual. One law says... Just answer my question. In my second hypothetical, is that still a violation of the FDCPA? In my opinion, Your Honor, the letter to the represented consumer was the 1692 C.A. 2 violation for having... Even if the lawyer, even if the communication says, I'm serving you as an attorney, but I'm copying the debtor as Minnesota law requires. Now, we still violate federal law despite no conflict in purpose whatsoever. That's your position, right? I believe Congress was clear. It said no contact. That's your position. You say Congress is clear. Any lawyer can say that about any position. Correct. I'm asking, is that your position? The position... You don't have to have a position, but I want to know if you have one because then we can write our opinion accordingly. Realistic practice, it would likely work out and not run afoul of both. Yes, but I'm talking... We're not dealing with realistic practice. We're dealing with lawyers in the courtroom. Correct, Your Honor. Is that your legal position? My legal position is... For 1692N purposes. For N purposes, it would still be in direct conflict. Okay. One law says do not contact. The other one says contact them directly. You keep using the word contact. The word in the law is communicate. Correct. Is communicate defined in the law? Is communicate defined in the law? You know, like Congress has definitions. I am not aware, but I believe it would be, Your Honor. Okay. I don't have a specific citation for you with communicate within the law. Getting back to the first issue of whether or not Minnesota Rule 69, which incorporates by reference Minnesota Garnishment at Chapter 550, the appellant in this case is attempting to use this as court permission, which I think it fails in that argument, is within the FDCPA at 1692CA, it says and prohibits direct contact with the representative party without the express. Is there any legislative history on the word express with all of this, with all the content that's being poured into it by the district court and you? With the legislative history, I do not believe there is, Your Honor. I have the McDermott case out of the First Circuit of Massachusetts, which does a thorough analysis of the definitions of express as well as court in affording. It's about as far from a controlling case as you can have. Correct, Your Honor. Your Honor, I would say it's a persuasive case, but it directly ties to the Ressler v. Meselian-Kramer case and the assessment and analysis that was done in that court was referenced in the McDermott case and how it contradicted their ruling in Ressler saying it fails to afford the proper and plain definition and meaning for both express and court. For instance, a law is written into effect by the Minnesota State Legislature and signed into law by a State governor. It is not the express permission from a court. And then the attempt to use Minnesota Rule 69 as the incorporation by reference, it fails to afford. The court in a specific case says express permission of a court. Correct. Express permission from a court, not a Minnesota State Legislature. Well, it says of competent jurisdiction. Of competent jurisdiction. And that's where it ends. Is any of that defined in the law, court or competent jurisdiction? A court of competent jurisdiction would be defined as. No, I'm sorry. Does the law define it? Mine is a simpler question. I do not believe it is, Your Honor. Proceed. So in this court's case in Grinnell v. National Reassurance, Cole v. Ville and Nueva, in that court it went into and held that express does not mean implied. The term express means directly stated or written and is meant to distinguish situations where a message is implied or left for reference or inference, Your Honor. A plain reading of Rule 69 provides guidance on the procedures and execution of a judgment and should be in accord with Minnesota Statutes, Chapter 550. As the appellant stated in its brief and in their oral arguments here today, Minnesota law was incorporated by reference. Said differently, it was implied. This fails to afford the express term within the FDCPA, its ordinary and plain reading. In summary, Minnesota Statute 571.72, the garnishment statute at issue here today, was written by the Minnesota legislature. It was neither permission from a court nor was permission expressly given while using the rationale of Rule 69, saying it was incorporated by reference. The Minnesota Constitution doesn't say that the court rules have the force and effect of law, does it? It does not. All right. The second issue that the — Or I might add, or the opposite of that. The opposite of that, correct, Your Honor. Does it say that the laws govern judicial procedure or does it? It does not. Thank you. Proceed. The second issue before the Court is whether the FDCPA sections CC2 and 3 permitted service of the garnishment papers directly on the represented ojagu. Appellant argues that the exceptions in CC2 and 3 should apply to an FDCPA CA2 violation. This argument must fail because subsections A and subsection C are independent prohibitions on communication triggered by separate and distinct conditions precedent. Almost identical arguments that the appellant is making here today were made in the Crouch v. J.J. Marshall and Associates case, which was out of the district court in Michigan. And that's cited in the brief? Correct, Your Honor. These arguments are that the exceptions found in subsection CC2 and 3 should apply to a subsection CA. What circuit court has addressed this issue? Which circuit court? If any. Circuit court that has addressed this issue were cited by the appellant in their briefs in the Castillo v. Zucker, Goldberg, Ackerman case, as well as the ---- And they hold that these exceptions, these CC2 and 3, apply to this, to a CA2 proceeding?  That case ---- All the circuit authority is against you on this issue? No, Your Honor. There is also the Crouch v. J.J. Marshall case, which I just referenced, that said ---- You said that was a district court? That is a district court case, Your Honor. Any circuit court in your favor? Sorry. I misheard you, Your Honor. All the circuit authority is against you on this issue? I believe the Castillo case was a district court case, as well as the Petullo case, both cited by the appellant. Circuit court cases, or district court cases, not ---- Has any circuit court addressed the issue? Counsel, I mean, this is ---- No, Your Honor. All right. You should have known that off the bat. I misunderstood. I misheard you when you said circuit court as opposed to district court, and I apologize. District court cases in Crouch v. J.J. Marshall, which was cited in the appellee's brief, specifically goes into what conditions and events trigger the violations to follow and whether or not that exception applies. For instance, subsection CA2, the condition or the triggering condition precedent, it is a notice to a debt collector that they are represented by an attorney. When subsection CC, triggering condition precedent, is written notice to cease any and all communications. The appellant in this case ---- Why isn't it fair to say that a garnishment situation is inherently a communication involves communicating to a third party? Is inherent to content. That's what garnishment is all about, is to get a third party to freeze the debtor's assets for possible collection, right? In this case, I believe the appellant was mistaken. It was not a garnishment to a bank. It was a garnishment to an employer. My client was self-employed, so it was sent not only to him, but to his business address. So there was no way to comply. Unless they sent it to the attorney, as requested within the Exhibit 2 of bringing me into the question at hand, the appellant was accused of violating the FDCPA at CA2. It was not a CC violation. In conclusion, Your Honors, appellant did not have expressed permission from a court to contact Mr. Ojagu directly. The exception is found in C. Now let's get back to my question. Why isn't garnishment inherently involved, essentially a communication with a third party? In other words, from the standpoint of what Congress appeared to be crafting here, with the explicit different rules for communicating to third parties, it seems to me if the relevant committees had said, well, what about garnishment? Well, okay, that's a communication to third parties. Well, garnishment statutes typically require service on the debtor for obvious fairness reasons. Should the C. 2 and 3 apply in the Congress? Well, yes, they should. That's what I think would have happened in the committee room, and why don't we consider that? Because it's different, because in this instance, they had all the knowledge that this was changing the circumstances. Well, that's true, but that's true with communicating with third parties, too. So for a C. C. violation, no contact. For a C. A. 2 violation, no contact with a represented consumer. I am out of time. Thank you for your time this morning. Thank you, Counsel. We'll do our rebuttal time. I'd like to briefly address the practical implications of this. of this ruling in the district court. In states where civil procedure is statutory, this type of rationale would prevent service of a garnishment summons, of a regular summons on a complaint on a debtor. Some debtors don't want to be served, by the way, and here, for instance, it's happened with us where they move out of the country. We could obtain service by serving this debtor's attorney. In South Dakota, which specifically permits either service of the debtor's attorney or the bank, attorneys get very upset when they're served with garnishment summons of debtors. They assume, I think probably incorrectly, that once the judgment is rendered, they're done with it. A lot of these cases are handled. Who assumes that? Debtor attorneys? These debtor attorneys, unless they're FDCPA attorneys, then they're looking for an FDCPA violation. But if they're trying to help out the debtor and there's a judgment, agreed or otherwise, in their minds, that's the end of their representation. A year or two later or three, they get a garnishment summons from a bank. They don't know where the debtor's at. Oftentimes, we don't know where the debtor's at. And we've been told by these attorneys, don't do that, although the statute allows it. So there's a very specific reason why the Minnesota statute says the debtor has to be served directly. And that's my closing point. Thank you. Thank you, counsel. It's an interesting issue and the argument's been helpful. We'll take the case under advisement.